# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KATRINA MOORE**

    **Plaintiff,**

v.                                                                Case No: 6:25-cv-2040-AGM-DCI

**CITY OF DAYTONA BEACH, LUIS COMPOVERDE,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

Plaintiff Katrina Moore (Plaintiff) filed a *pro se* form complaint purporting to raise claims pursuant to 42 U.S.C. § 1983 against the City of Daytona Beach and Officer Luis Campoverde (collectively, Defendants). Doc. 6 (the Complaint). Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which the undersigned construes as a Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2 (the Motion). For the reasons below, the undersigned recommends the Court **DENY** the Motion (Doc. 2) and **DISMISS** the Complaint (Doc. 6) without prejudice.

    **I.**        **LEGAL STANDARD**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the

complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B) (i-iii).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 555).

Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[2] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

## II.    DISCUSSION

As to the Motion, Plaintiff has not provided enough information for the Court to determine her eligibility to proceed as a pauper. An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). But proceeding *in forma pauperis* is "a privilege, not a right,

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] Unpublished decisions are not binding authority. *See* 11th Cir. R. 36-2.

and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). "Prior to authorizing a party to proceed *in forma pauperis*, the court must determine if the financial affidavit proffered satisfies the requirement of poverty." *Aguilar-Sansone v. Comm'r of Soc. Sec.*, 2020 WL 13568684, at *1 (M.D. Fla. Feb. 3, 2020) (citing *Thomas v. Sec'y of Dept. of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009)). "To that end, a court must compare the applicant's assets and liabilities in order to determine whether she has satisfied the poverty requirement."

Plaintiff has submitted the Short Form Application to Proceed in District Court without Prepaying Fees or Costs, but the information submitted does not clarify Plaintiff's income or expenses. In the affidavit of indigency submitted with the Motion, Plaintiff represents that she "is currently unemployed [and] also a current law student who cannot afford to pay filing fee at this time." Doc. 2-1 at 1. Plaintiff also represents that she fully supports her two minor children. Doc. 2 at 2. The Motion reflects that Plaintiff's only source of income is a $20,000 student loan disbursement, but Plaintiff does not describe the frequency and distribution of that disbursement— whether every semester or at some other frequency. *Id.* at 1. Accordingly, the undersigned cannot assess Plaintiff's annual or monthly income. As to her expenses, item 6 on the Motion reflects that Plaintiff's "regular monthly expenses" include a $229 student loan payment and a $500 "Car Note." *Id.* at 2. But—considering Plaintiff's representation that she "provide[s] all [her children's] needs"—these two expenses cannot represent the full extent of Plaintiff's monthly financial obligations. *Id.* Plaintiff also represents that she has "0" in cash, checking, or savings, but this seems inconsistent with her other representations. *Id.*

In short, the undersigned cannot assess whether Plaintiff is a pauper without a complete picture of her monthly income, expenses, and any amounts she may have in cash or bank accounts.

3

If Plaintiff files an amended complaint—and seeks to proceed *in forma pauperis*—she must submit a Long Form Application to Proceed in District Court without Prepaying Fees or Costs so that the Court may better assess her financial situation.[3]

As to the Complaint, the undersigned finds that it is shotgun in nature and subject to dismissal. "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

---

[3] The Long Form—Form AO239—is available on the Court's website at: https://www.flmd.uscourts.gov/forms/all.

Here, the Complaint falls into the third and fourth categories of shotgun pleadings. As to the third category—those that do not separate each cause of action or claim for relief into a different count, *Weiland*, 792 F.3d at 1322—Plaintiff purports to raise claims for violations of her rights under the First, Fourth, and Fourteenth Amendments, but Plaintiff does not present these claims as separate counts. Doc. 6 at 7. As to the fourth category—those that assert multiple claims against multiple defendants without specifying which applies to which, *Id.* at 1323—Plaintiff has not specified which claims she raises against Campoverde and which claims she raises against the City of Daytona Beach. *See generally,* Doc. 6. Relatedly, Plaintiff has failed to check boxes on the Complaint form indicating whether she is suing Luis Campoverde in his individual or official capacity. Doc. 6 at 2. These defects yield a Complaint which fails to give either Defendant notice of the claims against them. Thus, the undersigned recommends that Plaintiff's pleading does not comply with the Federal Rules of Civil Procedure's requirements. *See* Fed. R. Civ. P. 8, 10.

Even so, a *pro se* plaintiff, however, must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Accordingly, the undersigned recommends that that Court give Plaintiff leave to amend the Complaint.

### III.   CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that: the Motion (Doc. 2) be **DENIED without prejudice**; and the Complaint (Doc. 6) be **DISMISSED without prejudice** with leave to amend.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on November 20, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Party