# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KATRINA MOORE,

    Plaintiff,

v.                                      Case No.:  6:25-cv-02040-AGM-DCI

CITY OF DAYTONA BEACH,
OFFICIAL CAPACITY; AND OFFICER
LUIS CAMPOVERDE, INDIVIDUAL
AND OFFICIAL CAPACITY;

    Defendants,

## **ORDER**

On November 20, 2025, the United States Magistrate Judge issued a Report and Recommendation (doc. # 7), recommending that Plaintiff Katrina Moore's Motion to Proceed *in Forma Pauperis* (doc. # 2) be denied without prejudice and that her Amended Complaint (doc. # 6) be dismissed without prejudice as an improper shotgun pleading.  Ms. Moore timely objected to the Report and Recommendation on December 2, 2025.  (Doc. # 8).  Having considered the Report and Recommendation, Ms. Moore's objections, and the filings, the Report and Recommendation is adopted for the reasons stated therein, Ms. Moore's Motion to Proceed *in Forma Pauperis* (doc. # 2) is denied without prejudice, and her Amended Complaint (doc. # 6) is dismissed without prejudice.

After careful and complete review of the findings and recommendations, a district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may object within fourteen days

of service of the Report and Recommendation, and "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

The Report and Recommendation recommended that Ms. Moore's Amended Complaint be dismissed without prejudice as an impermissible shotgun pleading under *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). The Magistrate Judge additionally concluded that the Court was unable to "assess whether Plaintiff is a pauper without a complete picture of her monthly income, expenses, and any amounts she may have in cash or bank accounts," and recommended this Court deny Plaintiff's Motion to Proceed *in Forma Pauperis*.

Ms. Moore did not object to the Magistrate Judge's recommendation that her Amended Complaint be dismissed without prejudice. (Doc. # 8 at 1). Instead, she requested the opportunity to promptly amend her Amended Complaint under Rule 15 of the Federal Rules of Civil Procedure, and sought a determination that her amendment related back to the date of the original filing. (Doc. # 8 at 1–2). She requested rejection of the recommendation that her Motion to Proceed *in Forma Pauperis* be denied, or, alternatively, requested that she be given the opportunity to supplement her Motion. (Doc. # 8 at 3).

On *de novo* review, it is evident that the Amended Complaint does not allege claims as separate counts. Nor does the Amended Complaint make clear which counts apply to which defendants. Under those circumstances, dismissal is appropriate because the Amended

Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323.

It is also clear that the Motion to Proceed *in Forma Pauperis* is inadequate. Specifically, it does not include sufficient financial information for the Court to "compar[e] [plaintiff's] assets and liabilities in order to determine whether [she] has satisfied the poverty requirement." *See Thomas v. Sec'y of Dep't of Veterans Affs.*, 358 F. App'x 115, 116 (11th Cir. 2009).

Rather than objecting to the portion of the Report and Recommendation that recommended dismissal of the Amended Complaint and denial of the Motion to Proceed *in Forma Pauperis*, Plaintiff's objection presents two requests for affirmative relief. First, she sought leave to amend the Amended Complaint and the motion. Second, she sought a ruling that any amendment relates back to the date the original complaint was filed. While requests for affirmative relief must be brought in the form of a motion, *see Brown v. Comm'r of Soc. Sec.*, No. 617CV633ORL40KRS, 2018 WL 672276, at *1 (M.D. Fla. Feb. 2, 2018) (finding party's objection to the Magistrate Judge's report "ignore[d] the well-settled procedural rule that requests for affirmative relief shall be stated in a separate filing"), Ms. Moore's request for an opportunity to amend her complaint and re-file the motion is consistent with the Magistrate Judge's recommendations. Because the Report and Recommendation is due to be adopted, Ms. Moore will be given an opportunity to amend both the Amended Complaint and the Motion to Proceed *in Forma Pauperis*. However, her second request for relief will not be addressed here. If a ruling is required on the relation-back issue, that ruling will be made when presented by an appropriate motion when both parties can be heard.

Accordingly, having conducted its *de novo* review, the Court adopts the Report and Recommendation in full for the reasons stated there.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation (doc. # 7) is **ADOPTED** as the opinion of the Court;

2. Plaintiff's Motion to Proceed *in Forma Pauperis* (doc. # 2) is **DENIED without prejudice**;

3. Plaintiff's objections to the Report and Recommendation (doc. # 8) are **OVERRULED**;

4. Plaintiff's Amended Complaint (doc. # 6) is **DISMISSED** with leave to amend;

5. On or before December 21, Plaintiff may file a Second Amended Complaint; and

6. If Plaintiff does not timely amend the complaint, this dismissal will be deemed with prejudice without further notice.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on December 16, 2025.

Copies Furnished To:

Pro se Parties

Counsel of Record